Lisa J. Ludwig, OSB #95338
Attorney at Law
811 SW Naito Parkway, Suite 500
Portland, Oregon  97204
Tel: (503) 223-5570 / Fax: (503) 721-9050
lisa@ludwiglegaldefense.com

Attorney for Defendant Jason Marquand

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. 3:13-cr-00565-KI-1 |
| Plaintiff, | ) DEFENDANT MARQUAND'S |
| vs. | ) REQUEST FOR DISCOVERY FROM |
| | ) GOVERNMENT and "BRADY" |
| JASON MARQUAND, | ) REQUEST including REQUEST FOR |
| | ) PRIOR ACT NOTIFICATION AND |
| Defendant. | ) EXPERT SUMMARIES |
| | ) |

COMES NOW Defendant Jason Marquand, through his attorney Lisa J. Ludwig, and hereby requests, pursuant to the Federal Rules of Criminal Procedure, for the court to order that the United States Attorney make available the items listed herein, whether currently in the possession, custody, control, or knowledge of the United States Attorney or his agents, or any law enforcement agent, or which by the exercise of due diligence may become known to the attorneys for the government.  The defendant requests that the court order that the government:

1.      Provide notice of the government's intention to use any physical evidence, or statement which the defendant is entitled to discover, to afford the defendant an opportunity to suppress such evidence.  Rule 12 (d)(2) and Rule 41(f), Fed. R. Crim. P.;

2.      Provide any written, recorded or unwritten or unrecorded statements made by the defendant or alleged criminal co-participants, or copies thereof.  This request includes statements made to law enforcement officers or witnesses other than law enforcement officers at any time and also includes any tape-recorded conversations, whether person-to-person or telephonic, as well as any transcripts or enhanced audio tapes of such conversations;

3.      List any property obtained from the defendant or alleged criminal co-participants, which is currently in the possession of the government or any law enforcement agency or which was in their possession, but has since left it and state how the government came into possession of said property;

4.      State the circumstances of any search involving the defendant or persons alleged to be criminal co-participants with the defendant, and list the items seized and information obtained as a result of these searches.  Rule 12(b)(3) and 41 (d) Fed. R. Crim. P.;

5.      Provide a copy of all reports prepared by state or local law enforcement and investigative agents which may contain information necessary for, and material to, the preparation and filing of motions to suppress evidence in this case, if such reports are within the possession, custody, or control of the government.  This request includes, but is not limited to, all reports which deal with the circumstances surrounding the government's action before and during any seizure of the defendant or his property.  Rule 12 (b)(3), Rule 12(I), and Rule 41(f), Fed. R. Crim. P.; Amendment IV U.S. Constitution;

6.     State whether any eavesdropping, wiretapping, electronic recording, electronic or other audio enhancement devices were used in any fashion in this case.  If yes, state the date, time, and place when such instruments were used and provide counsel copies of any authorizing warrants or court orders and the results of any such activity;

7.     State whether any informants were utilized at any stage of the investigation of this case.  If yes, provide counsel with the name and address of said informants and the role which said informants played in the investigation of this case.  "Informants" is here defined broadly to include all civilian witnesses providing information to the government, whether they did so in confidence or not and whether they were participants in criminal activity or not;

8(a).   Provide copies of all records, reports, or memoranda of federal investigative agencies or state or local law enforcement agencies, which describe, refer to or otherwise comment upon their relationship with any informant involved in this case.  This request includes, but is not limited to, records, reports, debriefing interviews, or memoranda which indicate the statements made by the informant to other persons, including law enforcement agents, as well as motives and reasons for the informant's cooperation with the government, i.e., whether the informant was paid for his or her services, the amounts of such payments, whether promises were made to the informant for his or her services, or whether any action was taken by the government which would be beneficial in any way to the informant in exchange for his services;

8(b).   Provide copies or all records of financial remuneration of any witness working in an agency relationship to the government in any capacity, at any time during the

investigation of this case, including financial remuneration obtained from sources other than

the government, if such remuneration played any part in the activities of said witness;

This request contemplates any records, reports, memoranda presently within the

possession, custody or control of the government, the existence of which is known, or by the

exercise of due diligence may become known, to the attorney for the government.  Roviaro

v. United States, 535 U.S. 53 (1957); Amendment VI, U.S. Constitution;

9.    Provide all results of reports of physical, medical, or mental examinations and

scientific tests or experiments, and financial analyses, or copies thereof, which may be material

to the preparation of the defense or are intended for use by the government as evidence at its

case in chief at trial.  Rule 16(a)(1)(D), Fed. R. Crim. P.;

10(a).  State whether any fingerprint evidence exists in this case;

10(b).  State whether any attempts were made to obtain fingerprints, which efforts

were unsuccessful or which yielded results not incriminating the defendant in this case.

11.    State whether any photograph or drawing relating to this proceeding has been

made or completed by a public servant engaged in law enforcement activity.  If yes, provide

counsel with copies of, or allow for inspection of, said photographs or drawings.  If none are

in existence at this time, but come into being at any time prior to or during the trial, to notify

counsel of their existence immediately;

12.    Allow for inspection and copying of all books, papers, computers and

computer–information storage devices, documents, photographs, tangible objects, buildings or

places, or copies or potions thereof which are in the possessions, custody or control of the

government, and which are material to the preparation of the defense or are intended for use

by the government as evidence at the trial, or were obtained from or belonged to the defendant. Rule 16(a)(1)(C), Fed. R. Crim. P.;

13.     Provide a copy of the defendant's prior criminal record, if any. Rule 16(a)(1)(B), Fed. R. Crim. P.;

14.     Provide a copy of the prior criminal record of each of the government witnesses or alleged criminal co-participants, including any person the defendant is alleged to have aided or abetted, if any. Rule 609(a), Fed. R. Evid.; Amendment VI, U.S. Constitution;

15.     Provide copies of all reports or memoranda relating to the inception and conduct of the investigation of defendant. This request contemplates any reports or memoranda presently within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become know, to the attorney for the government;

16.     Preserve and provide disclosure of original handwritten notes or memoranda of any agents of the government, regarding the statement made by prospective witness or otherwise, whether or not the original handwritten notes or memoranda have subsequently been included in another written report;

17.     Provide the minutes and transcripts of the testimony before any grand juries which heard evidence about the case, and any related case, in federal or state court;

18.     Pursuant to <u>Brady v. Maryland, 373</u>, 373 U.S. 83 (1963) and <u>Kyles v. Whitley</u>, 514 U.S. 419 (1995), provide any and all evidence which would be favorable to the defendant, exculpatory, or material to the defense, including but not limited to:

18(a).  The results of tests, experiments, examinations, searches or seizures or financial examinations or analyses, which produced evidence favorable to the defendant or which failed to produce evidence tending to incriminate the defendant;

18(b). The name(s) of any other person considered a possible suspect in this case, and/or any evidence (including, but not limited to, statements of persons interviewed by investigative agents which include the names of other persons connected with the commission of the offenses with which defendant is charged) which in any way indicates that other persons may have committed, or aided in the commission of, the crimes alleged in this case, in any way reducing the possibility of the defendant having committed the alleged crimes or in any way mitigating the defendant's culpability in the alleged crimes;

18(c). Any evidence in this case which the government has intentionally or inadvertently destroyed, or for whatever cause, no longer has within its possession;

18(d). Any evidence, information, testimony, transcripts, or statements indicating that any prospective prosecution witness or co-defendant on any occasion has given false, misleading, or contradictory information regarding the charges at bar or any other matter to any persons, including those involved in law enforcement and their agents or informers.  In addition, specifically requested is any information as to any informant used by the government indicating said informant has testified falsely or provided false, inconsistent or misleading information to any person involved in the criminal justice system, including the defendant;

18(e). Any evidence, information, testimony, transcripts, or statements indicating that opinion, reputation or specific acts show that any prosecution witness or co-defendant is not a

truthful person or is a threatening, unlawfully aggressive, assaultive, deceitful or otherwise untrustworthy person;

18(f).  Any evidence, information, testimony, transcripts, or statements indicating that any prospective prosecution witness or co-defendant has given a statement which contradicts either his or her own statement made on another occasion, or that of another potential prosecution witness;

18(g).  The existence and substance of any deals, understandings, threats, promises, bargains or other understandings entered into between any law enforcement agency or member of the United States Attorney's Office and any informant or prospective witness, charged or uncharged, to this incident, specifically including any pending negotiations under Federal Rule of Criminal Procedure 35;

18(h).  Any evidence, information, testimony, transcripts or statements indicating that any government witness is biased or prejudiced regarding the defendant or this case in any way.  United States v. Bagley, 473 U.S. 667 (1985);

18(i).  Any evidence, information, testimony, transcripts or statements indicating that any person or potential witness has made any statements, or that there exists any other type of evidence which is favorable to the defendant and is pertinent in this case;

18(j).  Any evidence, records, memoranda, notes, agreements or communications of any sort showing cooperation between state and federal authorities in the investigation and prosecution of related state or city civil or criminal cases;

18(k).  The defendant requests that Brady material be construed within the broad parameters of relevancy set for in F.R.E. 401;

18(l).  The defendant requests that the government provide any and all evidence of inducement to commit any crime, on the part of anyone acting in any capacity on behalf of the government, including any efforts at persuasion, false or fraudulent representations, threats, coercive tactics, harassment, promises or implications of reward, or please based on need, sympathy or friendship, as well as any other evidence of entrapment, [which defense is raised by a plea of not guilty.  Mathews v. U.S., 485 U.S. 58 (1988)];

19.    **Prior Bad Acts Notice Request:**  Provide any evidence of prior bad acts by the defendant that the government intends to introduce at trial, including any acts or convictions that the government may intend to use to show predisposition, to rebut the defense of entrapment.  F.R.E. 404(b); United States v. Powell, 587 F.2d 443, 447 (9th Cir. 1978); United States v. Baum, 482 F.2d 1325, 1330-32 (2d Cir. 1973); See Weinstein, Evidence, §404(1), page 404-13;

20.    **Summary Of Government Expert Request:**  Provide a written summary of testimony the government intends to use under Federal Rule of Evidence 702, 703 or 705 during its case in chief at trial, or which it knows will be used in rebuttal or for impeachment of any witness; including specifically that relating to testimony of firearms experts, and those with expertise in the manufacture and modification of firearms;

21.    The defendant intends that this be a continuing request, and requests that the court order continuing compliance with any order entered herein, with regards to discoverable evidence at all times throughout this case;

22.     The defendant hereby notifies the Court and Government that the defendant's rights to a fair trial, under the United States Constitution, including the right to investigate and prepare for trial, are dependent upon the timely provision of complete discovery.

RESPECTFULLY SUBMITTED this 17th day of December, 2013.

/s/ *Lisa J. Ludwig*
Lisa J. Ludwig, OSB #95338
Attorney for Defendant Jason Marquand

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing REQUEST FOR DISCOVERY FROM GOVERNMENT and "BRADY" REQUEST including REQUEST FOR PRIOR ACT NOTIFICATION AND EXPERT SUMMARIES on:

Leah Bolstad
Assistant U.S. Attorney
U.S. Attorney's Office
1000 S.W. Third Ave., Suite 600
Portland, Oregon  97204

*Attorney for Plaintiff United States*

by electronic case filing.

DATED this 17th day of December, 2013.

/s/ Lisa J. Ludwig
_____
Lisa J. Ludwig, OSB #98335
Tel:  503-223-5570
Attorney for Defendant Marquand

CERTIFICATE OF SERVICE